PROJECT: H.O.M.E.  
Helping Offenders as Mediators for reEntry

Prepared by: ACTION PARALEGAL PRO SE  
----Law and Advocacy----  
Jeremy Mount et al

UNITED STATES DISTRICT COURT  
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

| | |
|---|---|
| In re JOSEPH T. GALE JR., ) | Case No. 19-12 |
| Petitioner, ) | Case No. 20-400 |
| ) | |
| On habeas corpus ) | PETITION FOR HABEAS CORPUS UNDER |
| ) | 28 U.S.C. § 2241 IMMEDIATE GRANTING |
| | OF FSA CREDITS PRE-CONVICTION AND |
| | POST CONVICTION -- PRE-DESIGNATION |

SEP 17 2024

CLERK U.S. DISTRICT COURT  
DIST. OF PENNSYLVANIA

COMES NOW, Mr. Joseph T. Gale. Jr., first duly sworn and writing in pro se, in necessity, and request that the Court review and grant this habeas corpus request under the following reasons of puissance:

Petitioner is requesting that the Court hold this filing to the lower standard because he is pro se and therefor, the Court should review habeas petition [filed pro se] with a lenient eye allowing borderline cases to proceed (quoting <u>Williams v. Kullman</u>, 722 F.2d at 1050; <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1152 (4th Cir. 1965)(because a PRO SE plaintiff should be given an oppertunity to develope a potentially viable claim)

Petitioner contest that he should be awarded FSA both pre-trial. where he was working a job for the BOP and did not 'opt out' of any available programming, and also 'POST CONVICTION' but pre designation. because he, again, did not opt out of any programming, and such credits are due him under the FSA programming language.

The BOP staff refuse to give hime FSA either pre-conviction, or post conviction but pre-designation, with the reasoning that because he was not 'designated' he cannot earn FSA until he gets to his 'designated spot' to begine doing his time.

FUTILITY ARGUMENT -- ADMINISTRATIVE REMEDY DENIED NOT BEING TAKEN SERIOUS

Petitioner argues that he has filed Administrative remedy to the Warden but has gotten nowhere in these endeavors because the staff simply brush him off as "unable to resolve at local level" which is both not an answer that tells Petitioner anything, and also forces Petitioner to seek out 'how' he is suppose to get relief without using the court. Petitioner makes this 'futile argument' because the BOP staff refuse to direct him as to how he may use the Administrative remedy to get relief. "[a] narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." See Garza v. Davis, 596 F.3d 1198, 1203 (10th Cir. 2010).

FSA Should be Granted Petitioner on Pre-trial

Petitioner contest that he worked a job and did as much programming as he could on pretrial relies, which would qualify him for FSA according to the plain reading of 18 U.S.C. 3632(d)(4) and Section 1010 of the First Step Act Program statement number: 5410.01 approved by Colette S. Petters: (any inmate who successfully participates in evidence based recidivism reduction (EBRR) programs or productive activities (PA)'s may earn FSA time credits to be applied toward First Step Act of 2018. See Pub. L. 115-391 Dec. 21 2018, 132 Stat. 5194 (ESA)

FSA Should be Granted Petitioner On Pre-designation Post Conviction

Petitioner contests that he both programmed and worked before he was designated to his now FCI location. Petitioner at no time 'opted out' of any programs post conviction. The BOP staff have not made any claims to the contrary in administrative remedy. Petitioner states that denying him FSA post conviction is "directly at odds with the Court's construction of the plain language of the FSA in this case." SEE Borker v. Warden Bowers. Civ. No. 24-10045-LTS (May 15, 2024) LEXIS 88869

On point in this matter is the well reasoned <u>Borker v. Warden Bowers</u>, Civ. No. 24-10045-LTS 2024 U.S. Dist LEXIS 88869 (May 15, 2024) the Court pointed out in FOOTNOTES #2 "postponing eligibility for FSA time credits...until after their transfer to the facility at which they will serve their sentence-"contravene[d] the intent of Congress as clearly expressed in the FSA."" Doc. No. 20 at 5.

The <u>Bowers</u> Court went on to explain that "multiple federal judges deemed the [BOP regulation] invalid in decisions issued throughout the year leading up to the filing of Borker's petition." (the court explaining the BOP's stance on FSA conflicted with the plain language of the FSA in cases in "New Hampshire, Hawaii, and Washington)

In light of the plain language of FSA, and also in light of the Courts in many circuits agreeing that FSA is available to inmates on Post Conviction but Pre Designation, we therefore ask this Court to GRANT this petitioner his requested relief of FSA credit that he has been unduly denied because the BOP refuses to follow FSA mandate.

Respectfully submitted,                           Date;

__JOSEPH GALE__                                  __9/9/24__
Joseph T. Gale ID 39328068
FCI - Milan - P.O. box 1000
Milan, MI - 48160

## NOTICE OF SERVICE

Mr. Joseph T. Gale, first duly sworn and writing pro se, submits this notice of service that he has served the Court this document by using the federal prison mail system with postage properly paid and properly placed on the mail to be served.

### NO COPY MACHINE TO MAKE COPIES

Petitioner cannot make copies of this to send to interested parties of this matter because the BOP has taken away all our legal copy machines. Petitioner respectfully request that the Court have the Court Clerk notify all interested parties in this matter of this filing, please. Thank-you Your Honor.