UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH T. GALE,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN FCI MILAN<br>(Eric Rardin),<br><br>    Respondent. | Case No. 24-13127<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING IN PART HABEAS PETITION [1]**

Following his conviction on drug and gun charges in the Western District of Pennsylvania, Joseph Gale is currently serving a 120-month prison sentence at the Federal Correctional Institution in Milan, Michigan. Proceeding without counsel, Gale filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that the Federal Bureau of Prisons has unlawfully denied him Earned Time Credits under the First Step Act. Gale believes he was eligible to start earning time credits the day he went into pretrial detention. The BOP says Gale was not eligible to earn time credits until he arrived at his first designated BOP facility following his sentencing. Both sides are incorrect. Gale may be entitled to time credits from the date he was sentenced, but not before. Thus, the petition is GRANTED IN PART such that the BOP must recalculate and apply any earned time credits from the date of Gale's June 15, 2020, sentencing.

## I.

The First Step Act, as part of its prison and sentencing reforms, established incentives for federal inmates to participate in rehabilitation programming. Eligible inmates who successfully complete evidence-based recidivism reduction programming (EBBRs) or productive activities (PAs) "shall earn 10 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate determined "to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation." 18 U.S.C. § 3632(d)(4)(A)(ii). Gale is challenging the BOP's calculation of these credits as to his current sentence.

Gale was indicted on drug and gun charges on January 8, 2019, *United States v. Gale*, No. 19-12 (W.D. Pa. Jan. 8, 2019), ECF No. 3, and taken into custody on January 31, 2019, *Gale*, No. 19-12, ECF No. 9. A week later, on February 6, 2019, he was ordered detained pending trial. *Gale*, No. 19-12, ECF No. 21. Ultimately, Gale pled guilty to possession with intent to distribute fentanyl and cocaine in violation of 21 U.S.C. §§ 841(A)(1) and 841(b)(1)(C) and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *Gale*, No. 19-12, ECF No. 50; *United States v. Gale*, No. 20-40 (W.D. Pa. Feb. 21, 2020), ECF No. 7. Pursuant to the parties' plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, Gale was sentenced on June 15, 2020, to 120 months' imprisonment. *Gale*, Nos. 19-12, 20-40, ECF Nos. 85, 33.

On the record before the Court, it is unclear when Gale arrived at his first designated BOP facility to serve his sentence. At present, Gale is detained at FCI Milan, a BOP facility located in this District. Gale contends that both prior to his guilty plea and after his sentencing, he worked at the detention facilities where he was housed and never opted out of any programming. (ECF No. 1.) Thus, Gale believes he was entitled to begin earning First Step Act time credits from the date of his pretrial detention, or, at the very least, from the date of his sentencing, and not the date when he was transferred to his first BOP-designated facility after his sentencing. (*Id.* at PageID.1 ("Petitioner contest[s] that he should be awarded FSA [credit] both pre-trial where he was working a job for the BOP and did not opt out of any available programming, and also post-conviction but pre-designation, because he again, did not opt out of any programming, and such credits are due him under the FSA programming language." (cleaned up)).)

Gale raised this issue with the Milan Warden on August 1, 2024. (ECF No. 1-2.) A few weeks later, the Warden denied Gale's request for a recalculation of his federal time credits. (ECF No. 1-3.) The Warden provided the following explanation:

> You claim that the number of FTC's [Federal Time Credits] that you have been awarded is inaccurate due to you not being given credit from the date of sentencing. First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) states "Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntary surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTC's during pretrial confinement, nor can they earn credits based on a prior incarceration. Further, an inmate cannot earn FTC's when not in Bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated

> facility, regardless of where they are housed, or once released to their supervised release term."

(*Id.* (emphasis omitted).) It appears, therefore, that in denying Gale's request, the Warden relied on one of the First Step Act implementing regulations, 28 C.F.R. § 523.42, titled "Earning First Step Act Time Credits." This regulation provides that "[a]n eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)." 28 C.F.R. § 523.42(a). As discussed below, that language has proven to be a source of confusion.

Gale did not seek further administrative review of the Warden's denial. Instead, he filed a *pro se* petition for a writ of habeas corpus in the Western District of Pennsylvania that was ultimately transferred to this Court. (ECF No. 1.) Gale claims that the BOP is improperly denying him time credits under the FSA by deeming him eligible on the date when he arrived at his "designated facility," rather than when he went into pretrial detention or when he was sentenced. The Court directed the government to file a response by January 10, 2025 (ECF No. 7), but it did not do so. Thus, the petition is unopposed. *See, e.g.*, E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response.").

## II.

Habeas corpus relief is properly sought under 28 U.S.C. § 2241 where a federal inmate is challenging the way his sentence is being executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit."

4

*United States v. Singh*, 52 F. App'x 711, 712 (6th Cir. 2002) (citing *United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992)); *see also Applewhite v. Terris*, No. 17-2140, 2018 U.S. App. LEXIS 26538, at *2 (6th Cir. Sept. 18, 2018) ("Federal prisoners can seek judicial review of the BOP's computation of their sentences only after exhausting their administrative remedies."). Here, that entails submitting a formal request at the institutional level, followed by an appeal to the BOP's Regional Office and, if necessary, an appeal to the Office of General Counsel. 28 C.F.R. §§ 542.14(a), 542.15(a).

While Gale only went through step one, the Court is not going to get bogged down over exhaustion. First, exhaustion is an affirmative defense, *see Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013), which the government has not asserted here. And second, failure to exhaust administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Of late, numerous courts have excused complete exhaustion where, as here, the petitioner's claim involved an issue of statutory construction—namely, whether the BOP regulation governing the date upon which the First Step Act allows prisoners to start earning FSA time credits, 28 C.F.R. § 523.42(a), conflicts with the statutory provision 18 U.S.C. § 3585(a), which defines when a sentence "commences." *See Heath v. Knight*, No. 22-7270, 2024 U.S. Dist. LEXIS 231622, at *6–7 (D.N.J. Dec. 23, 2024); *see also, e.g., Jobin v. Warden, FCI-Mendota*, No. 23-1700, 2024 WL 1367902, at *3 (E.D. Cal. Apr. 1, 2024) ("The Court finds that the administrative remedies process

5

is not efficacious in this case and further pursuit would be futile because, as discussed below, Respondent is mistaken regarding when Petitioner can begin earning credits under 18 U.S.C. §§ 3632(d)(4)(B) and 3585(a)."), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 96241 (E.D. Cal. May 30, 2024); *Huihui v. Derr*, No. 22-541, 2023 WL 4086073, at *3 (D. Haw. June 20, 2023) ("The Court concludes that the administrative remedies process is not efficacious in this case and further pursuit would be a futile gesture because, as discussed in more detail later in this Order, the Court concludes there is an error in Respondent's understanding of when Petitioner can begin earning credits under 18 U.S.C. §§ 3632(d)(4)(B) and 3632(a).").

Thus, the Court will address the merits of Gale's petition.

### III.

Gale and the Warden disagree as to when Gale began to earn FSA time credits. The dispute stems from an apparent conflict between the relevant statutory and regulatory authority as to when a prison sentence commences for purposes of becoming eligible for these credits.

Under the First Step Act, inmates who participate in and "successfully complete" certain approved anti-recidivism programs and activities "shall earn" time credits in accordance with the statute. 18 U.S.C. § 3632(d)(4)(A). The Act further explains that an inmate may not earn credits "during official detention prior to the date the prisoner's sentence commences under 3585(a)." 18 U.S.C. § 3632(d)(4)(B)(ii). In turn, 18 U.S.C. § 3585(a) provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation

6

to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). The BOP regulation relied on by the Warden, however, states: "[a]n eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)." 28 C.F.R. § 523.42(a). In short, while a detained prisoner's sentence would "commence" under 18 U.S.C. § 3585(a) when he is received in custody awaiting transportation to his designated facility and he would thus be eligible to earn time credits under § 3632(d)(4)(B)(ii), the BOP's policy at 28 C.F.R. § 523.42(a) would not permit the prisoner to earn credits until after he arrives at the designated facility.

As a threshold matter, it is clear that Gale is not entitled to an award of time credits for programming that he completed while in pretrial detention and prior to his sentencing. *See* 18 U.S.C. § 3632(d)(4)(B)(ii) ("A prisoner may not earn time credits under this paragraph for an evidence-based recidivism reduction program that the prisoner successfully completed . . . during official detention prior to the date that the prisoner's sentence commences under section 3585(a)."). Thus, Gale's petition boils down to whether he is entitled to earned time credits while awaiting transport to his designated facility—or, in other words, whether FSA time credits began the date of his sentencing on June 15, 2020—or, as the Warden argues, not until the date Gale arrived at the designated BOP facility where he would serve his sentence (a date which is not included in the record).

Recently, "[m]any district courts, all in other circuits, have accepted the argument advanced by Petitioner and found 28 C.F.R. § 523.42(a) [conflicts with 18 U.S.C. § 3585(a) and thus, is] invalid." *Heath*, 2024 U.S. Dist. LEXIS 231622, at *12 (collecting cases); *see also Borker v. Bowers*, No. 24-10045, 2024 U.S. Dist. LEXIS 88869, at *2 n.2 (D. Mass. May 15, 2024) ("[T]he respondent has identified no decision in which any federal court, squarely confronted with the same issue, has evaluated the relevant FSA provision and BOP regulation and either approved or deferred to the view expressed in the regulation. To the contrary, multiple federal judges deemed the regulation invalid . . . ."); *Anderson v. FPC Yankton*, No. 23-04136, 2024 U.S. Dist. LEXIS 216605, at *5 (D.S.D. Nov. 26, 2024) ("Several courts faced with similar facts found the BOP's regulation imposed an 'additional hurdle' that 'runs afoul the unambiguous eligibility requirements of the FSA.'") (collecting cases). Indeed, the *Heath* court further explained that it "has not found, and Respondent has not cited, any cases ruling in its favor on this issue." 2024 U.S. Dist. LEXIS 231622, at *12. The same is true here.

Many of the courts that have addressed this issue have found that inmates are eligible to earn time credits beginning on their sentencing date because they are in BOP custody awaiting transport to their designated facility, and thus, their sentence has commenced. *See Jobin*, 2024 WL 1367902, at *4 (finding "[Jobin]'s eligibility for FSA time credits commenced the moment he was sentenced under 18 U.S.C. § 3585(a), because he was in BOP custody"); *Huihui*, 2023 WL 4086073, at *5 (explaining that Huihui's "ineligibility" under the FSA to earn ETCs "ended the

8

moment she was sentenced" because she was in custody and "awaiting transportation to the official detention facility at which her sentence is to be served"); *Yufenyuy v. Warden, FCI Berlin*, 659 F. Supp. 3d 213, 215, 218 (D.N.H. 2023) (concluding that "the plain language of the FSA, and of § 3585(a), clearly establishe[d]" that petitioner "was entitled to begin earning FSA time credits" the day he was sentenced).[1]

The Court has been given no reason to rule contrary to this consistent case law, especially post-*Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), where the BOP's interpretation of ambiguous statutory language is no longer entitled to deference. *See Sohrab Sharma v. Peters*, --- F. Supp. 3d ---, 2024 U.S. Dist. LEXIS 199823, at *20 (M.D. Ala. Nov. 4, 2024) (concluding that 28 C.F.R. § 523.42 adds an eligibility requirement that conflicts with the plain language of the FSA).

Thus, the Court finds that Gale became eligible to earn FSA time credits on June 15, 2020, the date he was sentenced and committed to the custody of the BOP. *See Gale*, No. 19-12, ECF Nos. 83–85. It is unclear when Gale arrived at his designated facility and presumably began earning credits. Gale suggests he participated in and successfully completed EBRR programming and PAs from June 15, 2020, through his arrival date, but there is no supporting documentation in the record. So this will be an issue for the BOP to address when it undertakes its recalculation. *Cf., e.g., Stevens v. Jacquez*, No. 23-01482, 2024 U.S. Dist. LEXIS

---

[1] The Court recognizes that many of these cases address other time credit arguments, such as whether an inmate must first complete a "needs" or "recidivism risk" assessment. But no such arguments have been raised here. And, in any event, many courts have rejected them.

113382, at *8–12 (D. Or. June 25, 2024) (finding that a prisoner who had not participated in any qualified programs or activities before his arrival at designated facility was not entitled to any FSA time credits in that period).

## IV.

For these reasons, Gale's habeas petition is GRANTED IN PART. The Respondent is directed to recalculate Gale's FSA time credits to include his eligibility for such credits beginning on June 15, 2020, the date Gale was sentenced and committed to BOP custody. More specifically, the BOP should consider whether Gale met the requirements for First Step Act programming and activities during the period from the date of his sentencing until the date of his arrival at the designated BOP facility, and then recalculate Gale's time credits.

**IT IS SO ORDERED**.


Dated: January 16, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE